IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :

   v.                              :   Criminal No. DKC 10-0102

THOMAS ARRONA JOHNSON and
HARRY JAMES WILLIAMS              :

**MEMORANDUM OPINION**

Mr. Johnson filed a motion to continue trial date based on his purported need for more time to examine government documents "in order to exhaust the Defendant's administrative remedies" and to locate, interview and depose any and all possible witnesses to the facts. In addition, he asserts that he has not received any rebuttal or response to his administrative inquiries. The government opposes the request, and points out that this case has been pending since March 2010. In fact, the August 3 trial date was set on April 27.

Although Mr. Johnson formally waived his right to counsel on July 21, 2010, the issues he raises are not new ones and he filed papers on his own behalf even when he was represented by counsel. The court was informed that standby counsel would be unavailable during a brief period before trial, but it appears that, both before and after that period, standby counsel was available to consult with Mr. Johnson and that he had access to

the discovery material throughout.  Also, as noted by the Government, Mr. Johnson appears to be pursuing types of procedures that are not applicable to this criminal case and continues to raise irrelevant and extraneous issues. Accordingly, the motion to continue the trial date is DENIED.

Mr. Williams filed a motion to dismiss the original indictment on March 30, 2010, and the government filed an opposition on April 27, 2010.  No reply appears to have been filed.  A superseding indictment was filed on May 26, 2010, thus rendering moot any challenge to the original indictment.

On July 23, 2010, Mr. Williams filed two additional documents, an "Action in Quo Warranto"[1] and a Demand for Dismissal of Superseding Indictment, in which he reiterates the arguments made in the original motion.  The government responded by incorporating the arguments it made in the original opposition.

---

[1] If this paper is designed to be a reply concerning the motion to dismiss, it may not be considered to the extent it raises new arguments not presented in the original motion. Thus, if Mr. Williams is challenging the authority of the particular prosecutors, the argument will not be addressed.  The paper seems to continue to argue that the IRS is not authorized to impose tax and that the court lacks jurisdiction over him. He is wrong on both points.

To the extent that Mr. Williams' motion is intelligible, he challenges the jurisdiction of the court over him and seeks dismissal of the indictment as lacking in merit. Pursuant to 18 U.S.C. § 3231, this court has jurisdiction over all persons alleged to have violated the laws of the United States. He was properly brought before the court based on the indictment and superseding indictment charging him with violations of federal law. *United States v. Marks*, 530 F.3d 799, 810-11 (9th Cir. 2008). Furthermore, the government need not preliminarily demonstrate that it has evidence to proceed, nor will the court examine the evidence presented to the grand jury. *United States v. Klecker*, 348 F.3d 69, 73 (4th Cir. 2003)(citing *Costello v. United States,* 350 U.S. 359, 363 (1956)). The superseding indictment clearly and validly charges the offenses of conspiracy to make false claims under 18 U.S.C. § 286 and eight counts of making false claims under 18 U.S.C. § 287. Thus, the motion to dismiss is DENIED. A separate Order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge